# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: December 14, 2018
Refiled in Redacted Form: March 7, 2019

* * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| Q.P., | * | UNPUBLISHED |
| | * | |
| | * | No. 15-449V |
| Petitioner, | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Joint Stipulation; TDaP; MMR; |
| AND HUMAN SERVICES, | * | Chronic Inflammatory |
| | * | Demyelinating Polyneuropathy |
| | * | (CIDP). |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

Ronald Craig Homer, Conway, Homer, P.C., Boston, MA, for petitioner.
Jennifer Leigh Reynaud, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON STIPULATION[1]

On May 4, 2015, Q.P., ("petitioner") filed a petition in the National Vaccine Injury Compensation Program ("Program").[2]  Petition (ECF No. 1).  Petitioner alleged that he suffered from chronic inflammatory demyelinating polyneuropathy ("CIDP") as a result of receiving a TDaP vaccination on August 9, 2012 and an MMR vaccination on August 27, 2012.  *Id.* at Preamble.

On December 14, 2018, the parties filed a joint stipulation in which they stated that a decision should be entered awarding compensation to petitioner.  Stipulation (ECF No. 84).  Respondent denied that petitioner's alleged CIDP and residual effects were caused-in-fact by Tdap vaccine and/or MMR vaccine, and denied that Tdap vaccine and/or MMR vaccine caused petitioner any other injury or his current condition.  *Id.* at ¶ 6.

---

[1] When this decision was originally filed, the undersigned advised the parties of his intent to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 (note) (2012) (Federal management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), petitioners filed a motion to redact certain information.  This decision is being reissued with minimal changes, including redaction of the petitioner's name in the case caption to initials.  Except for those changes and this footnote, no other substantive changes have been made.  This decision will be posted to the Court's website with no further opportunity to move for redaction.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act").

Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding compensation to petitioner according to the terms of the joint stipulation attached hereto as Appendix A.

**The joint stipulation awards:**

**A lump sum of $960,000.00 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

**I find the stipulation reasonable and I adopt it as the decision of the Court in awarding damages, on the terms set forth therein.**

Accordingly, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

<u>**s/Thomas L. Gowen**</u>
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

███████████

Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

Respondent.

No. 15-449V
Special Master Gowen
ECF

## STIPULATION

The parties hereby stipulate to the following matters:

1. ███████████ ("petitioner"), filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of tetanus-diphtheria-acellular pertussis ("Tdap") vaccine and measles-mumps-rubella ("MMR") vaccine, vaccines contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a)

2. Petitioner received a Tdap vaccine on August 9, 2012, and an MMR vaccine on August 27, 2012.

3. The vaccines were administered within the United States.

4. Petitioner alleges that he sustained a vaccine-related injury diagnosed as chronic inflammatory demyelinating polyneuropathy ("CIDP") that was caused-in-fact by Tdap and/or MMR vaccine. Petitioner further alleges that he suffered the residual effects of his alleged injury for more than six months.

1

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his alleged injury.

6. Respondent denies that petitioner's alleged CIDP and residual effects were caused-in-fact by Tdap vaccine and/or MMR vaccine, and denies that Tdap vaccine and/or MMR vaccine caused petitioner any other injury or his current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of **$960,000.00** in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and his attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be

2

expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorney's fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in his individual capacity, and on behalf of his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the Tdap vaccination administered on August 9, 2012, or the MMR vaccination administered on August 27, 2012, as alleged in a petition for vaccine compensation filed on or about May 4, 2015, in the United States Court of Federal Claims as

3

petition No. 15-449V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that Tdap vaccine and/or MMR vaccine caused petitioner's alleged injury or any other injury or his current disabilities.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/

4

Respectfully submitted,

PETITIONER:

█████████████████████████

**ATTORNEY OF RECORD FOR
PETITIONER:**

*Ronald C. Homer* by *Meredith Daniels*
_____
RONALD C. HOMER    /Rule 83.1(c)(2)/
Conway Homer, P.C.
16 Shawmut Street
Boston, MA   02116
(617) 695-1990

**AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:**

*Catharine E.*
_____
CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:**

*Ward Sorensen for*
_____
NARAYAN NAIR, MD
Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
U. S. Department of Health and
Humans Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD  20857

**ATTORNEY OF RECORD FOR
RESPONDENT:**

_____
JENNIFER L. REYNAUD
Trial Attorney
Torts Branch
Civil Division
U. S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 305-1586

Dated: December 14, 2018

5